UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

DHL EXPRESS (USA), INC.,

               Plaintiff,      REPORT AND
                                  RECOMMENDATION

    - against -          CV 06-3434 (DLI) (MDG)

JOYMIC CORPORATION, d/b/a Jeans Co.,
FF, Inc., Focus Free, DeNimb, Denim
Boutique, Luleeta and the Denim
Boutique,

               Defendant.

- - - - - - - - - - - - - - - - - - X

GO, United States Magistrate Judge:

    Plaintiff DHL Express (USA), Inc. ("DHL") brings this breach of contract action against defendant Joymic Corporation d/b/a Jeans Co., FF, Inc., Focus Free, DeNimb, Denim Boutique, Luleeta and the Denim Boutique ("Joymic") for unpaid delivery charges. By order dated December 18, 2006, the Honorable Dora L. Irizarry entered default against Joymic and referred to me for report and recommendation the amount of damages to be awarded. See electronic order dated December 18, 2006.

## FACTUAL BACKGROUND

    On July 13, 2006, plaintiff commenced this action against Joymic and defendant Photomania, Inc.[1] seeking recovery of unpaid

---

[1] On December 12, 2006, Judge Irizarry "so ordered" the
                                                         (continued...)

delivery charges.  See ct. doc. 1.  On July 25, 2006, plaintiff served Joymic by personal delivery to the Secretary of State. See ct. doc. 4.  I find that service was properly effectuated. See N.Y. C.P.L.R. § 311(a)(1); N.Y. Bus. Corp. Law § 306(b)(1). Following Joymic's failure to answer the Complaint, plaintiff filed a motion for judgment by default against Joymic on December 7, 2006.  See ct. doc. 7.

Since Joymic failed to oppose the motion or the subsequent submissions of plaintiff on the question of damages,[2] all of the following facts are undisputed.  DHL is a freight carrier performing deliveries domestically and internationally.  See Affidavit of Nate Foster dated March 1, 2007 ("Foster Aff.") (ct. doc. 17) at ¶ 2.  Between June 20, 2005 and June 5, 2006, DHL performed hundreds of deliveries of small packages and envelopes on behalf of defendant.  See id. at ¶ 3; Complaint ("Compl.") (ct. doc. 1) at ¶ 5.  Each delivery was performed in accordance with "terms and conditions," displayed on each waybill for each transaction.  See Foster Aff. at ¶ 2; DHL Express Terms and Conditions of Carriage (attached to Supplemental Affirmation of Lester P. Taroff dated September 11, 2007 ("Taroff Aff.") (ct. doc. 21)).  These delivery services were performed at the agreed

---

[1](...continued)
stipulation dismissing plaintiff's action against Photomania, Inc.  See electronic order dated December 12, 2006.

[2] Plaintiff served Joymic with each submission by mail at its last known address.  See ct. docs. 9, 18, 24.

-2-

rate of $424,079.62, of which defendant has failed to pay $422,670.44.  See Compl. at ¶ 5; Affidavit of Noah Kehinde dated September 21, 2007 ("Kehinde Aff.") (ct. doc. 24) at ¶ 3.

DISCUSSION

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except for those relating to damages.  Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).  A default also effectively constitutes an admission that damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged.  Au Bon Pain, 653 F.2d at 69-70.  The movant need prove "only that the compensation sought relate to the damages that naturally flow from the injuries pleaded."  Greyhound, 973 F.2d at 159.

The court must ensure that there is a reasonable basis for the damages specified in a default judgment.  Actual damages or statutory damages may be assessed.  In determining damages not susceptible to simple mathematical calculation, Fed. R. Civ. P. 55(b)(2) gives a court the discretion to determine whether an evidentiary hearing is necessary or whether to rely on detailed affidavits or documentary evidence.  Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991).  The moving party is entitled to all reasonable inferences from the evidence it

offers.  Au Bon Pain, 653 F.2d at 65.

Plaintiff has alleged that pursuant to waybills for each transaction and subject to certain "terms and conditions," Joymic agreed to pay plaintiff to perform deliveries on its behalf, plaintiff performed the deliveries and Joymic has failed to pay the agreed amount.  Waybills constitute contracts for the carriage of goods.  See Sompo Japan Ins. Co. of America v. Union Pacific R.R. Co., 456 F.3d 54, 56 n.4 (2d Cir. 2006); St. Paul Fire and Marine Ins. Co. v. Schneider Nat. Carriers, Inc., No. 03 CIV 5197, 2006 WL 522455, at *2 (S.D.N.Y. Mar. 3, 2006).  Thus, plaintiff's allegations establish defendant's breach of contract.

In addition, plaintiff alleges that it sent defendant invoices and statements of account, which were retained "without protesting."  Compl. at ¶ 2.  To recover on a claim of an account stated, plaintiff must demonstrate "'an agreement between the parties to an account based upon prior transactions between them . . . .'"  LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham, 185 F.3d 61, 64 (2d Cir. 1999) (quoting Chisholm-Ryder Co. v. Sommer & Sommer, 70 A.D.2d 429, 421 N.Y.S.2d 455, 457 (4th Dep't 1979)).  "Such an agreement may be implied if 'a party receiving a statement of account keeps it without objecting to it within a reasonable time.'"  Id. (quoting Chisholm-Ryder, 421 N.Y.S.2d at 457).  Thus, plaintiff's allegations establish an implied agreement between the parties as to the existence and amount of the balance due.  See Thornapple Assocs. v. Sahagen, No. 06 Civ.

6412, 2007 WL 747861, at *3-*4 (S.D.N.Y. Mar. 12, 2007); Leepson v. Allan Reilly Co., Inc., No. 04 Civ. 3720, 2006 WL 2135806, at *4 (S.D.N.Y. July 31, 2006).

The invoice list submitted by plaintiff demonstrates that the unpaid delivery charges agreed to by the parties amount to $422,670.44.[3]  See Invoice List (attached to Lester Aff.); ct. doc. 25.  This summary may be properly considered by the Court pursuant to Federal Rule of Evidence 1006 which provides that, "[t]he contents of voluminous writings . . . which cannot conveniently be examined in court may be presented in the form of a chart, summary or calculation."  Fed. R. Evid. 1006; see also C.H. Robinson Worldwide, Inc. v. Ghiradelli Chocolate Co., No. Civ. 03-2978, 2005 WL 1593035, at *3 (D. Minn. July 1, 2005) (approving use of summary of invoices to prove damages on claim for account stated); Ameropan Oil Corp. v. Monarch Air Serv., No. 92 C 3450, 1994 WL 86701, at *4 (N.D. Ill. March 16, 1994) (finding that computer printouts summarizing invoices were admissible).  Although the invoices submitted do not indicate that they were sent to defendant, plaintiff's Senior Finance Manager states that all of the entities reflected in the invoices are tradenames of defendant and that plaintiff processed their shipments and deliveries under defendant's account.  See Kehinde Aff. at ¶ 4.

---

[3] The discrepancy between the amount listed in the complaint and the amount evidenced by the invoices is due to a bookkeeping credit.  See Kehinde Aff. at ¶ 3.

Plaintiff waives the recovery of pre-judgment interest, but plaintiff seeks post-judgment interest from the entry of judgment. See Foster Aff. at ¶ 5. Under 28 U.S.C. § 1961, "interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Interest under the statute "shall be calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [] the date of the judgment." Id. Interest should be computed daily until the date of payment. See id. § 1961(b). Therefore, I recommend awarding post-judgment interest in accordance with section 1961.

Finally, plaintiff seeks to recover the costs of this action in the amount of $415.00, consisting of the filing fee and service of process fee. I find these amounts to be reasonable and recoverable. See 28 U.S.C. § 1920; Fed. R. Civ. P. 54; Local Civil Rule 54.1.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff be awarded $422,670.44 in damages, $415.00 in costs and post-judgment interest from the entry of judgment.

This report and recommendation will be electronically filed and a copy sent by mail to the defendant at its last known adress on this date. Any objections to this Report and Recommendation

must be electronically filed, with a courtesy copy sent to Judge Irizarry, by November 13, 2007. Failure to file objections within the specified time waives the right to appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SO ORDERED.**

Dated:     Brooklyn, New York
           October 25, 2007

                                  /s/
                                  MARILYN D. GO
                                  UNITED STATES MAGISTRATE JUDGE

Copy to:

Joymic Corporation d/b/a Jeans
Co., FF, Inc., Focus Free,
DeNimb, Denim Boutique, Luleeta
and the Denim Boutique
2123 Utica Avenue
Brooklyn, New York 11234